<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000303
20-NOV-2023
08:02 AM
Dkt. 75 MO**</span>

NO. CAAP-21-0000303


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JOHN A. FREUDENBERG, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee, and
CLARE E. CONNORS in her Official Capacity as
Attorney General for the State of Hawaiʻi,
Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 1PR191000018 (CR NOS. 1PC000057543 and 1PC000057327))

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Petitioner-Appellant John A.

Freudenberg (**Freudenberg**) appeals from the Findings of Fact,

Conclusions of Law and Order Denying Amended Petition to Vacate,

Set Aside, or Correct Judgment or to Release Petitioner from

Custody, entered on March 15, 2021 (**Order Denying Rule 40

Petition**), in the Circuit Court of the First Circuit (**First

Circuit Court**).[1]

I.    BACKGROUND

On July 22, 1982, a grand jury indicted Freudenberg for

thirty-three felonies, including rape, sodomy, attempted rape,

---

[1]    The Honorable Trish K. Morikawa presided.

burglary, attempted burglary, and sexual abuse.  On September 15, 1982, Freudenberg was indicted for three additional felonies of attempted rape, burglary, and attempted sodomy.  On November 30, 1983, Freudenberg pleaded guilty to all thirty-six charges.  In the first case, the First Circuit Court sentenced Freudenberg to life imprisonment on the ten counts of rape, sodomy, and attempted rape; twenty years on the seventeen counts of burglary and attempted burglary; and ten years on the six counts of sexual abuse.  In the second case, the First Circuit Court sentenced Freudenberg to life imprisonment on the two counts of attempted rape and attempted sodomy, and twenty years on the burglary count.

The Hawaii Paroling Authority (**HPA**) initially set Freudenberg's minimum terms of imprisonment at twenty years on the rape, sodomy, attempted rape, burglary and attempted burglary convictions, and ten years on the attempted sexual abuse charges from the first case; and twenty years on the convictions in the second case.[2]  In 1990, the HPA reduced Freudenberg's twenty-year minimum terms to fourteen-year minimums in both cases.

Freudenberg became eligible to be considered for parole in July of 1996, and Freudenberg submits that he has completed the State of Hawaii's (**State's**) Sex Offender Treatment Program and Behavior Modification Program.  Despite applying for parole numerous times since July of 1996, Freudenberg has not been granted parole.

_____

[2]     In 1986, rape, sodomy, and other sexual offenses were incorporated into a series of sexual assault offenses.  See State v. Buch, 83 Hawaiʻi 308, 315, 926 P.2d 599, 606 (1996).

On January 24, 2005, Freudenberg, self-represented, filed a civil action against the State in the Circuit Court of the Third Circuit (**Third Circuit Court**), in Civil No. 05-1-0015. Freudenberg requested various damages and other relief, including that he be transferred to the prison work furlough program.  On August 23, 2005, the Third Circuit Court dismissed the complaint without prejudice.

On June 17, 2014, Freudenberg filed a complaint against the Director of the State Department of Public Safety (**DPS**) and Deputy Director of Corrections at DPS, in the United States District Court for the District of Hawaiʻi (**Federal District Court**), under Civil No. 14-000276 DKW-KSC, arguing that the State officials violated 42 U.S.C. § 1983 by repeatedly denying Freudenberg's requests to participate in the work furlough program, which Freudenberg alleged was a condition precedent to his parole.  The Federal District Court dismissed the complaint, ruling that Freudenberg failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983, because he failed to identify any federally-protected right that was violated. Freudenberg v. Sakai, Civil No. 14-00276 DKW-KSC, 2014 WL 4656485, at *1-2 (D. Haw. Sept. 16, 2014) (Order).

On August 28, 2019, in the proceeding underlying this appeal, Freudenberg filed a petition for relief pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 with the First Circuit Court (**Rule 40 Petition**) arguing that, by refusing to fairly consider him for parole, HPA and DPS violated his:  (1) Due Process rights under article I, section 5 of the Hawaiʻi

Constitution; (2) Equal Protection rights under article I, section 5 of the Hawaiʻi Constitution; (3) right to be free from cruel and unusual punishment under article I, section 12 of the Hawaiʻi Constitution; (4) Due Process rights under the Fourteenth Amendment to the United States Constitution; (5) Equal Protection rights under the Fourteenth Amendment to the United States Constitution; and (6) right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  Freudenberg filed an amended HRPP Rule 40 petition on November 21, 2019 (**Amended Rule 40 Petition**).

Freudenberg alleged that HPA denied him parole twenty-three times between September of 1996 and July of 2019, and that each time, HPA recommended that Freudenberg complete the work furlough program to be eligible for parole.  Freudenberg alleged that, since September of 1996, he filed at least eight requests for admission to the work furlough program with DPS.  DPS allegedly denied Freudenberg's applications despite rating him as "'community custody,' the lowest custody level," holding him in a low-security facility, and allowing him to work in the community on numerous occasions.

Freudenberg further alleged that he believes that other inmates convicted of sexual offenses, who are diagnostically rated as greater risks than him and have completed the Sex Offender Treatment Program, have been admitted to work furlough.  However, even though he completed the Sex Offender Treatment Program and Behavioral Modification Program, and met all written eligibility requirements of DPS for work furlough, DPS would not

allow him into the work furlough program.  Freudenberg alleged that DPS gave him no reason at all or provided "blatantly pretextual justifications" for denying him admission to the work furlough program, such as claiming that DPS needed to make changes or improvements to its program before he would be admitted.

On December 20, 2019, the State answered the Amended Petition, denying that Freudenberg's state and federal constitutional rights were violated by his continued imprisonment.  By reference to its answer to the original petition, the State further argued that Freudenberg's claims have been waived or previously ruled upon and Freudenberg does not have a right to parole.

On March 15, 2021, the First Circuit Court denied the Amended Rule 40 Petition without a hearing.  The First Circuit Court concluded, *inter alia*:

> 2.    The factual basis, arguments, and claims raised by Petitioner in the United States District Court in 2014 are the same being raised in this current Petition as listed in Petitioner's issues four [Fourteenth Amendment Due Process], five [Fourteenth Amendment Equal Protection] and six [Eighth Amendment].  As noted in the Findings of Fact, Petitioner's claims in the United States District Court were dismissed with prejudice for failure to state a claim upon which he could obtain relief under either the 8[th] or 14th Amendment.  Pursuant to HRPP Rule 40(a)3, these same issues shall be denied as they were previously raised and ruled upon.
>
> 3.    Similarly, Petitioner's prior filing for injunctive relief and damages under Civil No. 05-1-0015 which addressed issues one through three and the subsequent dismissal by the Third Circuit Court is a basis for denying the remainder of this current Petition pursuant to HRPP Rule 40(a)3.
>
> 4.    Assuming, for argument sake, that issues one through three were not previously ruled upon, the following addresses the issues raised.
>
> 5.    Petitioner in issue number one is alleging a violation of his Due Process Rights under Article 1, section

5 of the Hawaiʻi Constitution.  Hawaiʻi Rules of Penal Procedure Rule 40 is the appropriate means to challenge an HPA decision denying parole.  However, the Intermediate Court of Appeals of Hawaiʻi (hereinafter ICA) in Turner v. Hawaiʻi Paroling Authority, 93 Hawaiʻi 298, 1 P.3d 768 (App. 2000), held that the courts may review a decision denying parole in situations where the parole board has failed to exercise any discretion at all or arbitrarily and capriciously abused its discretion so as to give rise to a due process violation or has otherwise violated any constitutional rights of the prisoner.  Judicial review of a parole board's decision denying parole is very limited and narrow.

6.    The Hawaiʻi Supreme Court in De La Garza v. State, 302 P.3d 697, 129 Hawaiʻi 429 (2013) held that procedural due process claims should be addressed in two steps:  1.  Whether a liberty or property interest has been interfered with by the State.  2.  What specific procedures are required to satisfy due process.

7.    In his due process claim, Petitioner is asserting that he has a liberty interest in parole.  The Hawaiʻi Supreme Court in Williamson v. Hawaiʻi Paroling Authority, 35 P.3d 210, 97 Hawaiʻi 183 (2001) reviewed Hawaiʻi Revised Statutes Section 353-62 regarding the responsibilities and duties of the HPA and Hawaiʻi Revised Statutes Section 706-669 regarding the establishment of minimum terms and held that the HPA has the authority to set a prisoner's minimum term at a period equal to his or her maximum sentence.  The Court stated, "even where the HPA renders a prisoner effectively ineligible for parole by setting his minimum term at a period equal to his maximum sentence, the prisoner has been "considered for parole".  Id at 218.  The Court in its decision made it clear that there is a right to be considered for parole, not a right to parole.  Petitioner has had numerous parole hearings.  Thus, he has been considered for parole, but Petitioner has no right to parole.  With no liberty interest in a right to parole, Petitioner has not met the first step in a procedural due process claim and therefore there is no need for any further analysis.

8.    It should be noted that in regard to Petitioner's numerous parole hearings, Petitioner has not provided any evidence that there was a defect in the hearing process.

9.    The United States Supreme Court has also ruled that there is no constitutional or inherent right to be conditionally released from prison before the expiration of a valid sentence.  Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1,7, 99 S.Ct. 2100, 22103, 60 L.ED.2d 668, 675 (1979).  By both the State and Federal Constitutions, Petitioner has no right to parole.

10.    Petitioner in issue number two is alleging an Equal Protection Rights violation under Article 1, Section 5 of the Hawaiʻi Constitution.  Other than the allegation that he **believes** that "all other inmates convicted of sexual offenses who have successfully completed the Sex Offender Treatment Program and were otherwise qualified for work furlough have been, and continue to be, admitted to work furlough, including some inmates who were diagnostically rated as greater risks than Petitioner", Petitioner has not

provided any facts or evidence, such as specific inmate names and records of similarly situated inmates.  Therefore his claim is conclusory and without merit.

11.    In issue number three, Petitioner is alleging that his continued imprisonment, is a violation of his right to be free from Cruel and Unusual Punishment under Article 1, Section 12 of the Hawai'i Constitution.  Petitioner is not challenging his convictions or sentences and is in fact still serving his sentences in both Cr. No. 57327 and Cr. No. 57543.  The actions of PSD and HPA of denying work furlough and parole have not extended Petitioner's sentence. There is no cruel and unusual punishment because Petitioner has not been detained beyond his sentence.

12.    As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that, if taken as true, the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true.  Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing.  Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

13.  Accordingly, this Court finds the entire Petition to be without merit, patently frivolous, and without a trace of support either in the record or from anything submitted by Petitioner.

Freudenberg timely filed a notice of appeal on April 13, 2021.

II.  <u>POINTS OF ERROR</u>

Freudenberg raises four points of error on appeal, contending that the First Circuit Court erred in:  (1) entering Conclusions of Law (**COLs**) 2-3 because the issues raised in the Rule 40 Petition and the Amended Rule 40 Petition were not the issues as raised in the prior actions before the Third Circuit Court and the Federal District Court and the issues raised in the Third Circuit Court were never ruled upon; (2) entering COLs 5-9 and 12-13 because his Due Process rights were violated; (3) entering COLs 10 and 12-13 because his Equal Protection rights were violated; and (4) entering COLs 11-13 because he has been subjected to cruel and unusual punishment.

III.  <u>APPLICABLE STANDARD OF REVIEW</u>

Review of orders denying HRPP Rule 40 petitions is *de novo*.  <u>Lewi v. State</u>, 145 Hawaiʻi 333, 345, 452 P.3d 330, 342 (2019).

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true.  Where examination of the record of the trial court's proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing.  The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

<u>Id.</u> (citation omitted; format altered).

IV.  <u>DISCUSSION</u>

A.  <u>Previously Ruled Upon</u>

In COL 2 of the Order Denying Rule 40 Petition, the First Circuit Court concluded that Freudenberg's contentions based on the Eighth and Fourteenth Amendments to the United States Constitution were previously ruled upon by the Federal District Court in 2014.  In COL 3, the First Circuit Court similarly concluded that Freudenberg's contentions based on article I, sections 5 and 12 of the Hawaiʻi Constitution should be denied because they were previously raised in the Third Circuit Court and dismissed.

HRPP Rule 40(a)(3) provides:

> (3)  **INAPPLICABILITY.**  Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.  Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually

> conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue.  There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

We conclude that the First Circuit Court did not err in concluding that Freudenberg's claims based on the Fourteenth and Eighth Amendments were raised and ruled upon in the Federal District Court proceedings.  In his federal court suit, Freudenberg claimed that the defendants violated 42 U.S.C. § 1983 by repeatedly denying him access to a prison work furlough program, which he contended was a condition precedent to his parole.  Freudenberg, 2014 WL 4656485, at *1.  The Federal District Court dismissed his complaint on the grounds that Freudenberg did not raise a valid 42 U.S.C. § 1983 claim because he failed to identify any federally protected right that was violated.  Id. at *2.  The Federal District Court concluded that Freudenberg's continued confinement and ineligibility for parole did not amount to over-detention or cruel and unusual conditions of confinement or any other conduct in violation of the Eighth Amendment because he was not detained beyond his life sentence. Id. at *3.  Likewise, there were no violations of Freudenberg's Due Process or Equal Protection rights under the Fourteenth Amendment because prisoners have no constitutionally-protected liberty interest in their eligibility for rehabilitative programs, and allowing an Equal Protection challenge would undermine the defendants' inherent discretion in administering the work furlough program.  Id. at *3-5.  The issues ruled upon

9

by the Federal District Court are essentially identical to claims raised in this case based on the United States Constitution.

The First Circuit Court did not conclude that Freudenberg's claims based on the Hawaiʻi Constitution were barred by the Federal District Court's decision.  Rather, the First Circuit Court concluded that Freudenberg's claims based on the Hawaiʻi Constitution should be denied based on the Third Circuit Court proceedings.[3]  The First Circuit Court erred in doing so.

First, no proceedings were actually conducted and ruled upon.  By definition, a dismissal without prejudice allows for initiation of a new case raising the same claims.  State v. Kalani, 87 Hawaiʻi 260, 262, 953 P.2d 1358, 1360 (1998).  Given the lack of proceedings on the prior claims, and the Third Circuit Court's dismissal without prejudice, we cannot conclude that Freudenberg waived the claims raised therein based on the Hawaiʻi Constitution or that they were ruled upon.

In addition, subsequent to the filing of Freudenberg's Third Circuit Court Complaint, Freudenberg was allegedly denied parole numerous times.  Roughly fourteen additional years passed between the Third Circuit Court proceedings and the filing of the Rule 40 Petition herein.  Freudenberg alleged that he has been denied access to the work furlough program multiple times over this period and that he was denied parole as a result.  The Third Circuit Court did not decide, and Freudenberg did not waive, the

---

[3]     The First Circuit Court nevertheless considered whether Freudenberg's state-law contentions stated a colorable claim for relief.

issue of whether Freudenberg's rights under the Hawaiʻi Constitution were violated with respect to parole denials issued after the August 23, 2005 dismissal in the Third Circuit Court case.

Therefore, we conclude that Freudenberg's claims based on the Hawaiʻi Constitution cannot be considered to have been raised and ruled upon or waived in the prior action filed in the Third Circuit Court.

B.    Freudenberg's Colorable Claim for Relief

As noted above, Freudenberg challenges the First Circuit Court's COLs concluding that he has not stated a colorable claim for relief under the Hawaiʻi Constitution based on Freudenberg's contention that he has been denied parole based on his failure to participate in a work furlough program.

The Hawaiʻi Supreme Court reviewed a similar contention in Rapozo v. State, 150 Hawaiʻi 66, 85-86, 497 P.3d 81, 100-01 (2021).  In Rapozo, the Rule 40 petitioner (**Rapozo**) argued, *inter alia*, that HPA wrongfully denied him parole based on his failure to complete the work furlough program, which was unavailable to him due to where he was incarcerated.  Id. at 85, 497 P.3d at 100.  As noted by the supreme court (id.), Hawaii Revised Statutes § 353-64 (2015) states in part:

> [T]o be eligible for parole, the committed person, if the person is determined by the department to be suitable for participation, must have been a participant in an academic, vocational education, or prison industry program authorized by the department and must have been involved in or completed the program to the satisfaction of the department and must have been involved in or completed the program to the satisfaction of the department[.]

11

The supreme court concluded that HPA may properly deny parole based on a failure to participate in or complete a prison industry program, such as a work furlough program.  Rapozo, 150 Hawaiʻi at 85, 497 P.3d at 100.  However, the supreme court further concluded:

> Although the HPA recommended he participate in or complete the work furlough program, Rapozo was never given the opportunity to do so.  It may be arbitrary and capricious to deny an incarcerated person parole for failure to participate in a program while never giving them an opportunity to do so.  Thus, Rapozo stated a colorable claim, and the circuit court erred by denying this claim without a hearing.

Id. at 86, 497 P.3d at 101.

Here, on several occasions, including on August 18, 2014, September 12, 2017, and August 8, 2018, Freudenberg was denied parole as follows:

> REASON FOR DENIAL:  Your participation in work furlough while incarcerated will significantly enhance your success on parole.

As the supreme court reiterated in Rapozo, HPA has the discretion to grant or deny parole.  Id. at 84, 497 P.3d at 99.  However,

> Hawaiʻi courts may review "a decision denying parole in situations where the parole board has failed to exercise any discretion at all, or arbitrarily and capriciously abused its discretion so as to give rise to a due process violation or has otherwise violated any constitutional rights of the prisoner."  Williamson [v. Hawaii Paroling Authority], 97 Hawaiʻi [183,] 195, 35 P.3d [210,] 222 [(2001)] (cleaned up).

Id. at 84-85, 497 P.3d at 99-100 (emphasis added; further citation omitted).

Here, although HPA repeatedly identified lack of participation in a work furlough program as the reason for denying parole to Freudenberg, he was never given the opportunity to participate in a work furlough program.  As the supreme court

12

held in Rapozo, "[i]t may be arbitrary and capricious to deny an incarcerated person parole for failure to participate in a program while never giving them an opportunity to do so."  Id. at 86, 497 P.3d at 101.  Thus, we conclude that Freudenberg stated a colorable claim, and the First Circuit Court erred by denying Freudenberg's Amended Rule 40 Petition without a hearing on this ground.

We nevertheless conclude that Freudenberg failed to allege a colorable claim for an Equal Protection Rights violation under article I, section 5 or for a violation of his right to be free from Cruel and Unusual Punishment under article I, section 12 of the Hawaii Constitution, as concluded by the First Circuit Court.

V.   CONCLUSION

For these reasons, we vacate the March 15, 2021 Order Denying Rule 40 Petition with respect to Freudenberg's claim that his Due Process rights under article 1, section 5 of the Hawaiʻi Constitution were violated.  We affirm the March 15, 2021 Order Denying Rule 40 Petition in all other respects.  We remand this case to the First Circuit Court for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, November 20, 2023.

On the briefs:                      /s/ Katherine G. Leonard
                                    Presiding Judge
John A. Freudenberg,
Petitioner-Appellant Pro Se.        /s/ Keith K. Hiraoka
                                    Associate Judge
Craig Y. Iha,
Lisa M. Itomura,                    /s/ Clyde J. Wadsworth
Deputy Attorneys General,           Associate Judge
for Respondents-Appellees.